### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMERICAN ITALIAN WOMEN FOR | : | |
| GREATER NEW HAVEN, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:21-CV-01401 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, | : | JANUARY 5, 2023 |
| Defendant. | : | |

### RULING ON DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT
### (DOC. NOS. 36 & 44)

### I.      INTRODUCTION

Plaintiff American Italian Women for Greater New Haven ("AIW") moves to amend its original Complaint in this action against the City of New Haven ("City"). In its proposed Amended Complaint, AIW now alleges two claims for relief stemming from the City's decision to remove a statue of Christopher Columbus (hereinafter, "the Statue") from Wooster Square, a public park in the City. See generally Amended Complaint ("Am. Compl.") (Doc. No. 34); see also Plaintiff's Motion to Amend/Correct Complaint ("Pl.'s Mot.") (Doc. No. 32).[1] This Motion follows this court's Ruling, on June 3, 2022, granting the City's Motion to Dismiss for failure to state a claim upon which relief can be granted. See Ruling on Defendant's Motion to Dismiss ("MTD Ruling") (Doc. No. 23); see also Defendant's Motion to Dismiss (Doc. No. 10). In its Ruling, the court permitted AIW to move to amend its Complaint, "in accordance with the [L]ocal [R]ules if . . . it has

---

[1] AIW filed another Motion to Amend its Complaint (hereinafter "July 11 Motion") on July 11, 2022—one day prior to filing the instant Motion. See Plaintiff's Motion to Amend the Complaint (Doc. No. 27); see also Pl.'s Mot. at 1 (bearing July 12, 2022 date in caption). Because the contents of the July 11 Motion are nearly identical to the Motion referenced above, the court hereby denies the July 11 Motion (Doc. No. 27) as moot.

a basis in light of [the] Ruling to state a claim upon which relief can be granted", within twenty-one days of the entry of the Ruling.  MTD Ruling at 8.

The City objects to AIW's Motion to Amend its Complaint, arguing that AIW's proposed amendments are futile and therefore requests that this court dismiss AIW's Amended Complaint, in its entirety, with prejudice.  See Defendant's Objection to Plaintiff's First Amended Complaint ("Def.'s Mot.") (Doc. No. 36); see also Defendant's Reply to Plaintiff's Response to Objection to First Amended Complaint ("Def.'s Reply").  For ease of reference, the court refers to the City's Objection to AIW's Motion to Amend as a Motion to Dismiss, and it refers to the subsequent filings accordingly.  See Notice to Counsel, Text Order (Doc. No. 44).  AIW asks that this court deny the City's Objection (hereinafter, "Motion to Dismiss" or "Motion") or, in the alternative, that this court dismiss the Amended Complaint without prejudice with "leave to amend the [C]omplaint [a second time] or otherwise cure any defects."  Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") (Doc. No. 40).

For the reasons discussed below, the court grants the City's Motion to Dismiss AIW's Amended Complaint (Doc. Nos. 36, 44).

## II.    ALLEGED FACTS

On June 3, 2022, this court granted the City's Motion to Dismiss AIW's original Complaint, which alleged Title II discrimination on the basis of national origin, as well as section 1983 violations of AIW's constitutional rights to procedural due process, free speech, and equal protection.  See Ruling on Defendant's Motion to Dismiss at 1–3 (Doc. No. 23).  The court assumes the parties' familiarity with the underlying facts of the case up to that Ruling and will not reiterate them here.  Of significance to AIW's proposed Amended Complaint, however, are the facts surrounding the procedure used

2

by the City to effectuate the Statue's removal.  Put simply, AIW's claims now stem from the fact that "[n]o official notice nor any opportunity to be heard by the plaintiff or other interested parties was provided by the defendant" when it decided to remove the Statue from Wooster Square Park.  Am. Compl. ¶ 20.

On June 17, 2020, the City, "by and through its Board of Park Commissioners" (hereinafter, the "Board") discussed the Statue's removal and "came to a 'consensus' (which has been found . . . to be tantamount to a vote) . . . to order the removal of the [S]tatue" without taking a "formal vote to approve such action."  Am. Compl. ¶¶ 21–22. AIW alleges, and the Connecticut Freedom of Information Commission ("FOIC") found,[2] that this June 17 meeting violated Connecticut General Statutes section 1-225(a) because the Board failed to (1) "make the minutes of the June 17th meeting available for public inspection within seven days of the meeting"; (2) "make the votes [unofficially] taken at the June 17th meeting available for public inspection within 48 hours of such meeting"; and (3) "record such votes in the meeting minutes."  June 23, 2021 Final Decision of the Freedom of Information Commission of the State of Connecticut ("FOIC Decision"), Def.'s Ex. 3 ¶¶ 2, 7 (Doc. No. 36-3); see also Am. Compl. ¶¶ 22, 26–27.  The meeting also violated section 1-225(c) because the Board "discuss[ed] and vot[ed] on a matter that was not on the agenda and which was not added to the agenda by two-thirds vote."  FOIC Decision ¶ 10; see also Am. Compl. ¶ 27.

---

[2] The court cites the FOIC's findings solely for the purpose of succinctly summarizing the corresponding allegations in AIW's Amended Complaint.  See Am. Compl. ¶¶ 22, 26–27.  The court does not accept the FOIC's findings as accurate or binding on this court.  More importantly, the FOIC's rulings played no part in this court's decision in this case.

AIW alleges, however, that the above procedure—in addition to being violative of section 1-225—was the wrong procedure in the first place.  As sources for the proper procedure, AIW refers to (1) Connecticut General Statutes 7-147 et seq.; (2) title I, article IV, section 3 et seq. of the New Haven Charter; and (3) section 54 of New Haven's municipal ordinances.  See id. at ¶ 38.  AIW alleges that the foregoing required the City to have held a public hearing, after which the appropriate Board would "refer the matter . . . for application to the Historic District Commission for removal of the [S]tatue through a Certificate of Appropriateness[,]" after which a second public hearing would be held by the New Haven Historic District Commission on the application to remove the Statue.  Id. at ¶ 39 pp. 24–25.

The violations of AIW's First and Fourteenth Amendment rights, AIW alleges, therefore stem from the City's decision "to avoid the aforementioned required public hearings and to instead use the Board of Parks Commissioners", which, AIW argues, "has no authority under the City Charter to dispose of municipal property" in the first place.  Id. at p. 25.  Claim One of the Amended Complaint alleges procedural due process violations stemming from the City's decision to not utilize the proper procedures to remove the Statue, which "deprive[d] the Plaintiff of its interests in Wooster Square Park without the notice and opportunity to be heard that is provided by law."  Id. at pp. 25–26.  Claim Two alleges that the City "intentionally withheld pr[e]scribed notice" of its intention to remove the Statue, which "denied the Plaintiff and its members their [First Amendment] right to assemble, to voice their opposition prior to the removal of the statue and [to] seek redress of the government for grievances."  Id. at ¶¶ 44–45.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  A plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence.  Id.  A court must "accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.  Saleh v. Sulka Trading, 957 F.3d 348, 353 (2d Cir. 2020).

### IV.   DISCUSSION

In its Motion to Dismiss, the City moves to dismiss AIW's Complaint under Rule 12(b)(6) and on the grounds of res judicata.  See Def.'s Mot. at 2.  In its Reply, however, it also argues that AIW lacks Article III standing for want of a concrete and particularized injury: "[AIW's Opposition Memo] exposed not just the insufficiencies of the two amended claims for relief, but also AIW's inability to distinguish its claimed interest from those of the general public."  Def.'s Reply at 1.

A.  Standing

Courts in this Circuit generally "will not consider arguments raised for the first time in reply briefs." Keefe v. Shalala, 71 F.3d 1060, 1066 n.2 (2d Cir.1995).  However, the court also has a well-recognized duty to inquire into subject matter jurisdiction, up to and including by raising the issue sua sponte in the absence of a motion by the parties.  Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir.2009).  Moreover, where a party argues that the court should dismiss for lack of subject matter jurisdiction in addition to other grounds, the court should consider

the Rule 12(b)(1) challenge first, because lack of subject matter jurisdiction may render

the other challenges moot.  See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896

F.2d 674, 678 (2d Cir.1990); 5B Charles Alan Wright et al., *Federal Practice and

Procedure* § 1350 (3d ed. 2013) ("[W]hen the motion [to dismiss] is based on more than

one ground, the cases are legion stating that the district court should consider the Rule

12(b)(1) challenge first because if it must dismiss the complaint for lack of subject

matter jurisdiction, the accompanying defenses and objections become moot and do not

need to be determined by the judge.").

In its Ruling granting the City's first Motion to Dismiss, the court held that AIW

had organizational standing to bring its claims.  The City argues now, however, that the

remaining Counts, as amended in AIW's First Amended Complaint, are outside this

court's subject matter jurisdiction because AIW has not alleged harm to interests that

are different from those of the general public.  Def.'s Reply at 1.

In essence, the standing inquiry focuses on whether the plaintiff is the proper

party to bring suit.  Baur v. Veneman, 352 F.3d 625, 632 (2d Cir. 2003).  This inquiry is

"especially rigorous when reaching the merits of the dispute would force [the court] to

decide whether an action taken by one of the other two branches of the Federal

Government was unconstitutional."  Raines v. Byrd, 521 U.S. 811, 819–20 (1997).[3]  To

have constitutional standing to pursue a claim, a plaintiff must demonstrate: (1) an injury

---

[3] Although the Raines Court referred to the federal government in the quote above, the Connecticut state and local governments are also built on separation of powers principles.  See Off. of Governor v. Select Comm. of Inquiry, 269 Conn. 850, 852 n.4 (2004) (discussing the separation of powers provision in Connecticut's constitution); see also Conn. Const. art. II ("The powers of government shall be divided into three distinct departments, and each of them confided to a separate magistracy, to wit, those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.").  This court therefore applies a similarly rigorous analysis to AIW's standing in the instant case.

in fact; (2) caused by the conduct complained of; (3) and that such injury is likely to be redressed by a favorable judicial decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also Lerman v. Board of Elections in City of New York, 232 F.3d 135, 142 (2d Cir.2000).  "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016) (emphasis added).

However, if such interest is "shared in substantially equal measure by all or a large class of citizens", alleging a harm to that interest "normally does not" suffice to establish standing: "an injury a plaintiff suffers in some indefinite way in common with people generally is not a cognizable injury-in-fact[.]"  Kallas v. Egan, 842 F. App'x 676, 678 (2d Cir.), cert. denied, 142 S. Ct. 237 (2021) (citing Warth v. Seldin, 422 U.S. 490, 499 (1975); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 344 (2006)).

1.    Count I

In Count One, AIW alleges that its right to procedural due process was violated when the City utilized the wrong procedure and failed to provide notice and opportunity for the public to comment on the issue of the Statue's removal.  AIW claims that the "legally protected interest" that was harmed by the City's defective procedure is AIW's "property interests in the historical preservation of Wooster Square Park, its building, structures and features, by and through [certain] Connecticut state statutes, [the New Haven] City Charter and Ordinances . . . ."  Am. Compl. ¶ 38.  The City asks this court to dismiss because this Count—which, like the Second Count below, is "based on a separate set of transactions [from AIW's original Complaint], resulting in different

injuries"—alleges harm to an interest "no different from the interests of the general public." Def.'s Reply at 1. The court agrees.

Here, AIW alleges that its legally protected "property interests in the historical preservations of Wooster Square Park, its buildings, structures, and features," stems from local ordinances, a city charter, and state statutes (collectively, "legislative sources"). Am. Compl. ¶ 38. These interests were allegedly harmed when AIW was unable to participate in the City's decision to remove the Statue. Id. However, because these legislative sources apply to all New Haven residents and nonresidents who use the Park, the "interest" claimed by AIW[4] is general to all. And the harm to that interest—the lack of notice and opportunity to dispute the removal of the Statue—applies to anyone who, like AIW, wished to block the removal. The Supreme Court holds that "to find standing based upon that kind [generalized] of interest 'would significantly alter the allocation of power at the national level,[5] with a shift away from a democratic form of

---

[4] The court assumes, for the purposes of this Ruling, that AIW does have a legally protected property interest and concludes that AIW lacks standing to enforce the interest. See supra Section IV.A.1. However, the Second Circuit's decision in Gagliardi v. Vill. of Pawling, based on a similar set of facts, strongly suggests that AIW has no legally protected property interest at all. See 18 F.3d 188 (2d Cir. 1994). The Gagliardi Court held that a plaintiff's legally protected property interest, stemming from land use regulations where a municipal body allegedly enforced those regulations improperly, can only exist where the plaintiff has a "'legitimate claim of entitlement'" to the outcome plaintiffs sought—that is, the plaintiff must allege that "absent the alleged . . . [improper enforcement], there is a certainty or a very strong likelihood that the [outcome] would have been [different]." Id. at 192 (internal quotations and citations omitted).

    In this case, AIW has not alleged that, had the proper procedures been followed, there is a "certainty or a very strong likelihood" that the Statue would have remained. See, e.g., Pl.'s Opp. ¶ 12 (noting the "importance of procedural rights, the worth of being able to defend one's interests even if one cannot change the result") (internal citations omitted). On the facts as alleged and in light of Gagliardi, AIW does not appear to have plausibly alleged a legally protected property interest. While AIW's procedural due process claim primarily fails for lack of standing, "[t]he deprivation of a procedural right to be heard . . . is [also] not actionable when there is no protected right at stake." Gagliardi, 18 F.3d at 193 (internal citations omitted).

    [5] As discussed in footnote 4, supra, this sentiment is equally applicable at the Connecticut state and local levels.

government.'"  <u>Carney v. Adams</u>, 141 S. Ct. 493, 499 (2020) (quoting <u>United</u>

<u>States v. Richardson</u>, 418 U.S. 166, 188 (1974) (Powell, J., concurring)).  Indeed, courts

"should be ever mindful of the contradictions that would arise if a democracy were to

permit general oversight of the elected branches of government by a nonrepresentative,

and in large measure insulated, judicial branch."  <u>Id.</u> (internal quotations omitted).

Mindful of this danger, this court concludes that it does not have subject matter

jurisdiction over AIW's First Count.

AIW has failed to allege the requisite injury-in-fact to confer Article III standing to

bring its First Count.  The court, therefore, grants the City's Motion to Dismiss with

respect to this Count.

> 2.      Count II

In Count Two, AIW broadly alleges that the City's failure to follow requisite

procedures before removing the Statue "denied [AIW] and its members their

Constitutional right to assemble, to voice their opposition prior to the removal of the

[S]tatue and [to] seek redress of the government for grievances."  Am. Compl. ¶ 45.

The City argues that this Count, like Count One, alleges harm to "a general interest

common to all members of the public."  Def.'s Reply at 2.

The court notes at the outset that, "in a narrow class of First Amendment cases,

the Supreme Court has relaxed [the limitation on generalized injury] and allowed

litigants to seek redress for violations of the rights of others."  <u>Bordell v. General Electric</u>

<u>Co.</u>, 922 F.2d 1057, 1061 (2d Cir.1991).  However, this "slender exception" applies only

to the prudential limits on standing.  <u>Id.</u>  The exception allowing third party standing in

First Amendment cases "does not affect the rigid constitutional requirement that

plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction."  <u>Id.</u>

AIW thus needs to plausibly allege facts that it has a legally protected interest that was harmed in a concrete and particularized way by the City's actions.  Spokeo, 136 S. Ct. at 1548.

In its Ruling granting the City's first Motion to Dismiss, this court held that AIW had no cognizable free speech interest in the Statue itself because the Statue constituted government speech.  See MTD Ruling at 17.  AIW's Amended Complaint does not reallege an interest in the Statue.  See Am. Compl. ¶¶ 43–47.  Nor does the Amended Complaint, however, clearly allege an alternative interest: rather, AIW alleges broadly that "its members and other affected citizens['  . . .] right to appear and have their voices heard" was withheld by the City.  Id. at ¶ 44.  The City argues that this, too, is a "general interest common to all members of the public."  Def.'s Reply at 2.  The court agrees.

In alleging a general interest common to all, AIW fails to allege the requisite injury-in-fact to plausibly allege that AIW is the proper party to raise the claim, and that this court is the proper forum to do so.  The reason courts are required to "assess whether the injury affects the plaintiff in a personal and individual way [is] to confirm that the plaintiff has a personal stake in the controversy and avoid having the federal courts serve as merely publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding[.]"  Baur, 352 F.3d at 632 (internal citations and quotations omitted).  This requirement is no less applicable here.

AIW's Amended Complaint fails to allege a concrete, particularized injury sufficient to support this court's subject matter jurisdiction over its First Amendment Count.  The court therefore grants the City's Motion to Dismiss AIW's Second Count.

Because this court has determined that AIW lacks standing to bring the two Counts in its Amended Complaint, it need not address the City's alternate grounds for dismissal.  See Rhulen Agency, Inc., 896 F.2d at 678 (internal citations omitted) (explaining that if a court "must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'').

## V.    CONCLUSION

For the reasons discussed above, the court grants the City's Motion to Dismiss (Doc. Nos. 36, 44).  The court dismisses the Amended Complaint without prejudice. See John v. Whole Foods Market Group, Inc., 858 F.3d 732, 735 (2d Cir. 2017) ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice.").  This is, however, the second dismissal this court has granted.  Plaintiff may move to amend its Complaint if – and only if – it can plausibly allege a concrete, particularized injury and it has a basis, in light of this and the prior Ruling, to state a claim upon which relief can be granted.

Any such motion to amend shall be filed not later than twenty-one (21) days from the date of this Ruling.  If no such motion is filed, the case will be dismissed with prejudice.

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of January 2023.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

11